IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                    Petitioner,

v.                                                  Case No. 19-mc-0209-DDC

KELLY V. KAECKELL,

                    Respondent.

## REPORT AND RECOMMENDATION

On May 7, 2019, the United States filed a petition to enforce its Internal Revenue Service ("IRS") summons (ECF No. 1) to the pro se respondent, Kelly Kaeckell. Respondent has objected to the summons, arguing it was improperly served and his due process has been denied. After a show cause hearing on July 3, 2019, the court directed the parties to file supplemental briefing, which the parties submitted on July 8, 2019. For the reasons below, the court recommends that an order be issued enforcing the IRS summons and directing respondent to appear on a date certain to provide testimony and produce the requested documents and records.

Background

According to the petition, IRS Revenue Officer Cathy Gabel is conducting an investigation for the purpose of collecting the assessed, unpaid federal tax liabilities of respondent Kelly Kaeckell for the years 2003, 2004, 2005, 2006, 2007, 2009, 2010, and

1

2011.[1]  On September 25, 2018, Revenue Officer Gabel served respondent with an attested copy of an IRS administrative summons, which directed him to appear on October 17, 2018, to give testimony and produce for examination certain books, papers, records, or other data.[2]  Respondent appeared but refused to comply with the summons.[3]  The United States filed the petition to enforce the summons on May 7, 2019.[4]  On May 9, 2019, the court entered an order directing respondent to show cause why he should not be compelled to obey the Internal Revenue Service summons served upon him.[5]

Respondent filed a response on June 10, 2019.[6]  He opposed the summons, arguing first that the United States failed to properly serve a notice of intent to levy and therefore denied his right to due process.  Second, respondent argued that, pursuant to the Paperwork Reduction Act ("PRA"), 44 U.S.C. § 3512, there can be no penalty imposed if the notice of intent to levy did not display a valid control number assigned by the Office of Management and Budget ("OMB control number").[7]  The United States filed its reply on June 21, 2019, arguing that a final notice of intent to levy was, in fact, properly issued and

---

[1] ECF No. 1.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] ECF No. 3.

[6] ECF No. 5.

[7] *Id.*

2

that the PRA does not provide respondent with protection from failure-to-pay penalties and interest.[8]  Respondent filed another response, titled "Objection to Summary Judgment" on June 28, 2019, wherein he denied ever receiving a notice of intent to levy and again reiterated his argument that the government failed to comply with the required procedures.[9] The United States filed a response to the objection on July 2, 2019, opposing respondent's arguments and citing case law to show that the PRA does not apply to summonses and collection notices.[10]

The show cause hearing was held on July 3, 2019.[11]  The government was represented by Assistant United States Attorney Christopher Allman.  Respondent appeared pro se.  Respondent reiterated his primary argument that the absence of an OMB number on the IRS summons constitutes a defense to the enforcement of the summons, though he did not contest that he has not filed federal tax returns for the years in question. The government restated its position that the absence of an OMB number is not a defense to the enforcement of the summons.  After the hearing, the court left the record open to allow the parties to file any supplemental factual declarations or legal briefs on the issues raised during the hearing.  Both respondent and the United States filed responses on July

---

[8] ECF No. 6.

[9] ECF No. 7.

[10] ECF No. 8.

[11] *See* ECF No. 9.

3

8, 2019, in effect restating their respective positions.[12]

Analysis

To enforce a summons, the government must show (1) that the summons was issued for a legitimate purpose; (2) the summons seeks relevant information; (3) which is already not already within the IRS's possession; and (4) it has followed all administrative steps which the Internal Revenue Code requires.[13]  The government's petition and Revenue Officer Gabel's declaration establish a prima facie showing of these elements.[14]  The records, documents, and other data sought may be relevant to collect the federal tax income liabilities of respondent for the tax years 2003, 2004, 2005, 2006, 2007, 2009, 2010, and 2011, and are not already in the possession of the IRS.[15]  In its petition, the government made a prima facie showing that it followed the procedural steps outlined in 26 U.S.C. § 7603.[16]  The declaration also shows there is no Justice Department referral in effect, within

---

[12] ECF Nos. 12 and 13.

[13] *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985) (government's burden to enforce summons is "slight one").

[14] The requisite showing is generally made by the submission of the declaration of the agent who issued the summons and who is seeking enforcement.  *See U.S. v. Wankel*, 475 Fed.Appx. 273, at *1 (10th Cir. 2012) (citing *U.S. v. Powell*, 379 U.S. 48 (1964)).

[15] ECF No. 1.

[16] *Id.*

4

the meaning of 26 U.S.C. § 7602(d)(2), which would prevent the enforcement of the summons.[17]

The burden then shifts to the taxpayer to demonstrate that enforcement of the summons would be an abuse of the court's process. "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation."[18]   Respondent has raised two arguments challenging the good faith of the investigation. He first argues that the government never served a notice of intent to levy. Yet Revenue Officer Gabel's supplemental declaration indicates that collection due process (CDP) notices were issued by certified mail at respondent's last known address in 2010, 2013, 2014, and 2015.[19]   Reminder notices were also sent to respondent in 2010, 2013, 2014, 2015, 2017, and 2018 (including the notice hand-delivered by Revenue Officer Gabel).[20]   The court is satisfied by the record that the government adequately served notices of intent to levy to respondent.

Respondent's second argument is that the government has not followed the proper procedure in serving the summons because of the absence of an OMB number. Courts in this circuit have squarely rejected this argument. In *United States v. Ford*, the taxpayer

---

[17] *United States v. LaSalle National Bank*, 437 U.S. 298, 318 (1978).

[18] *Powell*, 379 U.S. at 58.

[19] ECF No. 13-2.

[20] *Id.*

argued that the IRS summons was invalid because it did not have an OMB number on it.[21]

The court noted that "[t]his argument has long been rejected by the courts," and that 44

U.S.C. § 3512, which respondent relies on here, "specifically does not apply to the

collection of information during the conduct of an administrative action or investigation

involving an agency against specific individual or entities."[22]  The Tenth Circuit affirmed

the decision and categorized the taxpayer's claims as "nothing more than oft-repeated tax

protestor arguments that have long been rejected by the federal courts as 'patently

frivolous.'"[23]  Respondent has not offered any legal support for his argument that that PRA

applies here, only his conviction that "the PRA laws were voted in by Congress to keep the

IRS in check."[24]  The case law is clear that challenges to tax collection alleging violations

of the PRA have been rejected as "completely lacking in legal merit."[25]  As the Tenth

Circuit has held, due process does not require the court to accept positions, "far removed

---

[21] *United States v. Ford*, No. 07-16 JH, 2007 WL 3256212, at *2 (D.N.M. June 7, 2007), *aff'd*, 514 F.3d 1047 (10th Cir. 2008).

[22] *Id.*

[23] *United States v. Ford*, 514 F.3d 1047, 1053 (10th Cir. 2008).  *See also Wankel*, 475 Fed.Appx. 273, at *1 (rejecting the "same type of 'tax-protestor' arguments, challenging the jurisdiction of the IRS and the underlying statutes which authorize tax collection").

[24] ECF No. 12.

[25] *United States v. Folkers*, No. CR.A. 04-20124-KHV, 2007 WL 677703, at *3 (D. Kan. Feb. 28, 2007) (citing *Lonsdale v. United States,* 919 F.2d 1440, 1448 (10th Cir. 1990)).

6

from the mainstream of jurisprudence," which have been repeatedly rejected by other courts.[26]

The court therefore finds that respondent has not met his burden of showing that enforcement of the summons would be an abuse of process or that the summons was issued in bad faith or for purposes of harassment.  In light of the foregoing, the undersigned recommends that an order be issued enforcing the IRS summons and directing respondent to appear on a date certain to provide testimony and produce the requested documents and records.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  If no objections are timely filed, no appellate review will be allowed by any court.

Dated July 17, 2019, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[26] *Wankel*, 475 Fed.Appx. 273, at *1 (rejecting the taxpayer's due process arguments).

7