# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Petitioner,

v.

KELLY V. KAECKELL,

     Respondent.

Case No. 19-mc-209-DDC-JPO

## MEMORANDUM AND ORDER

This matter comes before the court on respondent Kelly Kaeckell's Objection to Report and Recommendations (Doc. 23 objecting to Doc. 19). Respondent objects to Judge James P. O'Hara's recommendation that the district court enforce the IRS summons and direct respondent to appear on a date certain to provide testimony and produce requested documents and records. Doc. 23. As explained below, the court concludes that Judge O'Hara did not err in his recommendation. Thus, the court overrules respondent's objection and affirms Judge O'Hara's decision

## I.    Factual and Procedural Background

On May 7, 2019, the United States of America initiated this action to enforce its Internal Revenue Service ("IRS") summons (Doc. 1 at 8) issued to pro se respondent, Kelly Kaeckell.[1] Respondent objected to the summons, arguing petitioner (1) never served him a notice of intent to levy and (2) did not follow proper procedure when serving the summons because the summonses lacked an OMB number. Judge O'Hara conducted a show cause hearing and

---

[1] Because respondent proceeds pro se, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers).

directed the parties to file supplemental briefing.  On July 17, 2019, Judge O'Hara issued a

Report and Recommendation, recommending that the court issue an order enforcing the IRS

summons and directing respondent to appear and provide testimony.  The Report and

Recommendation advised that the parties could file objections within 14 days.  Respondent

appeared to file a timely objection to the Report and Recommendation and raised arguments

similar to those raised before Judge O'Hara.  Doc. 23.  Petitioner responded, asking the court to

affirm Judge O'Hara's recommendation.  Doc. 24.  But, respondent, in his Reply, stated his prior

filing (Doc. 23) "was not an objection to Judge O'Hara's Report & Recommendation."  Doc. 25

at 1.  Instead, respondent explained, the filing was intended to respond to petitioner's response to

respondent's Motion to Unseal Document 16 (Doc. 21).  Notwithstanding respondent's waiver of

his objection to the Report and Recommendation, because respondent proceeds pro se, the court

considers his objections below.

## II.     Standard of Review

Federal Rule of Civil Procedure 72(a) permits a party to present specific, written

objections to a magistrate judge's order.  When reviewing a magistrate judge's order deciding

nondispositive pretrial matters, the district court applies a "clearly erroneous or contrary to law"

standard of review.   *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000)

(quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28

U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).   Under this clearly erroneous standard, the district

court does not conduct a de novo review of the factual findings; instead, it must affirm a

magistrate judge's order unless a review of the entire evidence leaves it "with the definite and

firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464.  In

contrast, "the contrary to law" standard permits the district court to conduct an independent review of purely legal determinations made by the magistrate judge. *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citations omitted). A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (quotation omitted). The court applies this governing standard below.

### III. Legal Standard Governing Enforcement of IRS Summonses

The IRS is authorized to issue an administrative summons to "ascertain[ ] the correctness of any return, mak[e] a return where none has been made, determin[e] the liability of any person for any internal revenue tax . . . , or collec[t] any such liability . . . ." 26 U.S.C. § 7602(a). The summons authorizes the IRS to "examine any books, papers, records or other data" relevant to the inquiry, and "summon the person liable for tax" to testify before the IRS and provide relevant records. *Id.* § 7602(a)(1)–(2).

To make a prima facie case in an enforcement of a summons action, the government must show (1) the summons was issued for a legitimate purpose; (2) the summons seeks relevant information; (3) that information is not already possessed by the IRS; and (4) that it has followed all administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57–58 (1964). The government's burden on these requirements is "a slight one" and the court must read the statute "broadly" to "ensure that the enforcement powers of the IRS are not unduly restricted." *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985). If the government meets this burden, the "burden shifts to [the respondent] to show that enforcement of the summons would 'constitute an abuse of the court's process . . . .'" *United*

*States v. Wankel*, 475 F. App'x 273, 275 (10th Cir. 2012) (quoting *Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987)). "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58.

## IV.    Analysis

Here, the petitioner seeks leave to enforce the IRS administrative summons served on respondent. After considering the Report and Recommendation, the court finds Judge O'Hara did not err when he recommended that the court issue an order enforcing the IRS summons and directing respondent to appear on a date certain to provide testimony and produce the requested documents and records. The court reaches this conclusion because respondent has failed to carry his burden to show that enforcing the summons constitutes an abuse of the court's process. The court thus affirms Judge O'Hara's reasoning and grants petitioner's application to enforce the administrative summons, and explains why, below.

To enforce a summons, the government must show (1) that the summons was issued for a legitimate purpose, (2) the summons seeks relevant information, (3) the information is not already possessed by the IRS, and (4) the IRS has followed all required administrative steps. *Powell*, 379 U.S. at 57–58. Petitioner filed a Declaration by Revenue Officer Cathy Gabel in support of its petition. Doc. 1 at 5. This Declaration demonstrates the IRS issued the summons for a proper purpose and seeks information from relevant records, testimony, and data—not possessed by the IRS—for an IRS investigation aiming to collect "assessed, unpaid federal income tax" allegedly owed by respondent. *Id.* Also, the Declaration shows the IRS followed the necessary administrative steps to procure the administrative summons. As Judge O'Hara

correctly found, petitioner has made the required prima facia showing. And thus, the burden shifted to respondent to show enforcement of the summons would be an abuse of the court's process.

Respondent initially challenged the good faith of the IRS investigation in two ways. First, respondent asserted petitioner never served a notice of intent to levy. But, as Judge O'Hara correctly found, the record adequately reflects that the IRS sent collection due process notices by certified mail to respondent at his last known address in 2010, 2013, 2014, and 2015. Doc. 13-2 at 4. And, the IRS issued reminder notices to respondent and mailed them to his last known address in 2012, 2013, 2014, 2015, and 2017. *Id.* at 4–5. Second, respondent argued petitioner failed to follow proper procedure when it served the summons because the summons did not contain an Office of Management and Budget ("OMB") number, as required by 44 U.S.C. § 3215(a)(1). Judge O'Hara correctly rejected this argument. And, the Tenth Circuit has rejected a similar argument, holding 44 U.S.C. § 3215 "is inapplicable to information collection request forms issued during an investigation against an individual to determine his or her tax liability." *Lonsdale v. United States*, 919 F.2d 1440, 1444–45 (10th Cir. 1990). The court thus affirms Judge O'Hara's reasoning in his Report and Recommendation.

In this appeal, respondent raises three objections to Judge O'Hara's recommendation. First, respondent asserts the IRS violated his due process rights because the IRS failed to send a Notice of Intent to levy in 2018 and 2019, and has "never provided proof of any tax lien, or notice of intent to levy since [March 25, 2015] . . . ." Doc. 23 at 2. Second, respondent claims the IRS Notices of Levy were "inappropriate" and "designed to put [him] out of work again, thereby having no funds available to hire legal counsel for this case." *Id.* Finally, respondent

again asserts that "a collection of information [needs] a valid OMB number, as the law reads." *Id.* at 3. The court addresses respondent's objections below.

### A. Alleged Due Process Violation

Respondent reasserts that the IRS violated his due process rights by failing to serve him with a Notice of Intent to levy for certain tax years. He states, "I believe when the IRS attempts to execute a levy, without first filing a lien, identifying the years of assessment, they then come to the court in an effort to proceed, with unclean hands." Doc. 23 at 3. But, as Judge O'Hara noted, the record does not support respondent's argument. And, as petitioner argues, nothing requires the IRS to issue a lien, CDP notice, or any kind of levy before issuing a summons. Enforcing a summons is "for the limited purpose of compelling a taxpayer to comply with a summons previously issued by the IRS." *United States v. McCoy*, 954 F.2d 1000, 1004 (5th Cir. 1992). And "[a] taxpayer cannot use a summons enforcement proceeding as a forum . . . to contest the validity of the underlying assessments." *United States v. Heck*, 25 F.3d 1059 (Table), 1994 WL 170766, at *2 (10th Cir. May 5, 1994). Respondent's argument is not relevant to the issue of summons enforcement. The court rejects respondent's due process argument.

### B. IRS Harassment

Respondent claims the IRS Notices of Levy were "inappropriate" and "designed to put [him] out of work again, thereby having no funds available to hire legal counsel for this case." Doc. 23 at 2. Even if the court presumes respondent intends to argue the IRS's investigation was not conducted for a legitimate purpose—as required by *Powell*—respondent has not met his burden. Respondent provides no evidence to support his argument. And, petitioner directs the court to respondent's unpaid tax debt to the United States, claiming it shows the IRS's efforts to

gather information are legitimate. The court thus concludes that respondent has failed to meet his burden to show the IRS's investigation is illegitimate.

### C.  Absent OMB Control Number

Respondent reasserts his argument that the IRS summons is invalid because it lacks a valid OMB Control Number. The court rejects this frivolous claim. As the court already has stated, IRS summonses, like the one issued to respondent, are exempt from the OMB Control Number requirement. *See Lonsdale*, 919 F.2d at 1444–45 (finding IRS summonses are not required to have OMB Control Numbers). The court rejects this argument and affirms Judge O'Hara's conclusion to the same effect.

### V.      Conclusion

The court affirms Judge O'Hara's Report and Recommendation recommending that the district court issue an order enforcing the IRS summons and directing respondent to appear on a date certain to provide testimony and produce the requested documents and records. Petitioner has met its burden to show enforcement of the summons is proper. And, respondent has failed to meet his burden to show enforcement would be an abuse of the court's process. The court concludes Judge O'Hara's Report and Recommendation was not clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED BY THE COURT THAT** respondent's "Objection to Report & Recommendation" (Doc. 23) is overruled and Judge O'Hara's Report and Recommendation (Doc. 19) is adopted.

**IT IS FURTHER ORDERED THAT** petitioner's Application to Enforce Internal Revenue Service Summons (Doc. 1) is granted. The court directs respondent to obey the requirements of the summons which include appearing at such time and place as may be fixed by

Revenue Officer Cathy Gabel, or any other proper officer or employee of the Internal Revenue Service, providing testimony, and producing requested documents and records.

**IT IS FURTHER ORDERED THAT** if and when respondent complies with the terms of the summons, the United States shall file a notice of compliance.

**IT IS SO ORDERED.**

**Dated this 3rd day of December, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
